1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BOB SAVAGE,

11            Petitioner,                     No. CIV S-06-2594 GEB EFB P

12        vs.

13   JAMES DAVIS, et al.,                     FINDINGS AND RECOMMENDATIONS

14            Respondents.

15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28

17   U.S.C. § 2254.  This action proceeds on the November 20, 2006, petition in which petitioner

18   challenges the July 11, 2003, decision finding him unsuitable for release to parole.  Respondents

19   move to dismiss on the ground the petition is untimely and that petitioner's claims are not

20   cognizable because they depend entirely upon state law.  For the reasons explained below, the

21   court finds that the petition is untimely and must be dismissed.

22   **I.      Procedural History**

23        Petitioner is serving a term of 25 years to life in prison with the possibility of parole for

24   his conviction of murder.  On July 11, 2003, a panel of the Board of Prison Terms ("BPT")

25   found that petitioner was not suitable for release to parole.  Resps.' Mot. to Dism., Ex. 1.  On

26   November 3, 2003, petitioner filed an administrative appeal.  *Id*., Ex. 2.  Petitioner pursued this

1

1    appeal to the final level of review, and was denied relief on January 13, 2004.  *Id*., Ex. 3.

2    Petitioner asserts, and respondents accept for purposes of this motion, that he did not receive the

3    denial until March 18, 2004.  Resps.' Mot. to Dism., at 5.  On June 4, 2004, petitioner filed an

4    application for a writ of habeas corpus in the Solano County Superior Court.  *Id*., Ex. 4.  On June

5    25, 2004, that court denied relief on the ground that petitioner had not demonstrated any error in

6    the BPT's decision.  *Id*., Ex. 5.  On January 21, 2005, petitioner filed a petition for a writ of

7    habeas corpus in the Court of Appeal for the Second Appellate District.  *Id*., Ex. 6.  That court

8    denied relief without explanation or citation on January 25, 2005.  *Id*., Ex. 7.  Petitioner filed an

9    application for a writ of habeas corpus in the California Supreme Court on February 3, 2005, and

10   was denied relief, again without explanation or citation, on January 4, 2006.  *Id*., Exs. 8, 9.

11          Petitioner filed a federal habeas petition in this court on November 20, 2006.

12   **II.      Standards**

13          A one-year limitation period for seeking federal habeas relief begins to run from the

14   latest of the date the judgment became final on direct review, the date on which a state-created

15   impediment to filing is removed, the date the United States Supreme Court makes a new rule

16   retroactively applicable to cases on collateral review or the date on which the factual predicate of

17   a claim could have been discovered through the exercise of due diligence.  28 U.S.C.

18   § 2244(d)(1).  With respect to a challenge to a decision finding a prisoner unsuitable for parole,

19   the period begins to run the date the factual predicate for the claims could have been discovered.

20   *Redd v. McGrath*, 343 F.3d 1077, 1083 (9th Cir. 2003).  When California required prisoners to

21   exhaust their claims in the administrative grievance process, the limitation period began to run

22   the day after the prisoner's grievance was denied on the highest level of review.  *Redd*, 343 F.3d

23   at 1084.  In 2003,California required prisoners to exhaust available administrative remedies with

24   respect to challenges to a finding of unsuitability for parole.  *See* Cal. Code Regs. tit. 15, § 2050.

25           Under the applicable federal law, a properly-filed state post-conviction application tolls

26   the statute of limitations.  28 U.S.C.§ 2244(d)(2).  In California, a properly-filed post-conviction

1  application is "pending" during reasonable intervals between a lower court's decision and the

2  filing of a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  When a

3  California court does not state whether it considers a habeas petition timely, the federal court

4  must decide whether it was filed "within what California would consider a 'reasonable time.'"

5  *Evans v. Chavis*, 126 S.Ct. 646, 852 (2006).  There is "no authority suggesting . . . [or] convicing

6  reason to believe that California would consider an unjustified or unexplained 6-month filing

7  delay 'reasonable.'"  *Chavis*, 126, S.Ct. at 854.

8  **III.     Analysis**

9         The court first must determine when petitioner became aware of the factual predicate for

10  federal habeas relief.  As noted above, in 2004, when administrative appeals were available for

11  the denial of parole, courts looked to the date review was complete on the final level of review.

12  *See Redd*, 343 F.3d at 1084.  Petitioner's administrative appeal was denied on January 13, 2004.

13  Here, the parties agree for purposes of this motion that petitioner did not know about the

14  decision until he received it March 17, 2004.  In light of this agreement, the court accepts March

15  17, 2004, as the date petitioner knew of the factual predicates for his claims.  Thus, the limitation

16  period began to run the following day, March 18, 2004.  Under this analysis, petitioner had until

17  March 18, 2005, to file a federal habeas petition.  Absent tolling, the November 20, 2006,

18  petition is 612 days, or over one year and eight months, late.

19         The limitation period ran from March 18, 2004, until June 4, 2004, when petitioner filed

20  a habeas petition in the superior court.  This delay consumed 79 days of the limitation period,

21  leaving petitioner 286 days to file his federal habeas petition.  There is no question that he

22  properly filed the June 4, 2004, petition.  Thus, it entitles him to statutory tolling as long as it

23  was "pending."  *See* 28 U.S.C. § 2244(d)(2).  Respondents contend that petitioner is not entitled

24  to "interval tolling" pursuant to *Carey v. Saffold*, 536 U.S. 214, 223 (2002), because he waited an

25  unreasonable amount of time after the trial court's denial of relief before filing a habeas petition

26  in the appellate court.  The trial court denied relief on June 25, 2004, and petitioner waited until

1  January 21, 2005, or 211 days, to file a petition in the appellate court.  Under *Chavis*, the court

2  cannot find that this delay was reasonable.  Therefore, petitioner is not entitled to statutory

3  "interval" tolling for this time.  By the time petitioner filed his petition in the appellate court,

4  petitioner had used 280 days of the limitation period.  Petitioner therefore had 85 days left.

5         The appellate court denied relief on January 25, 2005, and petitioner filed a petition in

6  the California Supreme Court less than a month later, on February 23, 2005.  Under *Chavis*,

7  petitioner is entitled to interval tolling for this month.  Without giving any explanation

8  whatsoever, the California Supreme Court denied relief on January 4, 2006.  Moreover,

9  petitioner does not offer any justification for the delay between losing in the trial court and filing

10  a new petition in the appellate court.  Petitioner waited 320 days from the California Supreme

11  Court's denial, until November 20, 2006, to file  his federal petition.  Adding these 320 days to

12  the 280 days of the limitation period that petitioner already had consumed, he delayed a total of

13  640 days to file his federal habeas petition.  Since he had only one year to file, his federal

14  petition is 375 days late.

15         Petitioner argues that he is entitled to equitable tolling for two reasons.  Petr.'s Opp'n, at

16  3.  First, he asserts he was unaware of the one-year limitations period.  Second, he asserts that his

17  medical condition prevented him from accessing the prison's legal resources.  A court may grant

18  equitable tolling when "extraordinary circumstances beyond a prisoner's control make it

19  impossible to file a petition on time."  *Calderon v. United States District Court (Kelly)*, 163 F.3d

20  530, 541 (9th Cir. 1998) (en banc).  "When external forces, rather than a petitioner's lack of

21  diligence, account for the failure to file a timely claim, equitable tolling of the statute of

22  limitations may be appropriate."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  These

23  circumstances must actually cause the untimeliness.  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th

24  Cir. 2003).  Prison officials' interference with a petitioner's ability to gain access to the courts

25  can be an extraordinary circumstance. *Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002)

26  (remanding for district court to determine whether equitable tolling warranted where prison

1  denied petitioner access to legal papers).  As with statutory tolling, petitioner has the burden of

2  proving he is entitled to equitable tolling.  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir.

3  2002).

4      Petitioner's assertion that he was ignorant of the one-year limitations period is

5  insufficient to find he is entitled to equitable tolling.  He offers no evidence that some external

6  factor or force prevented him from learning of it.  *See Miles*, 187 F.3d at 1107 (showing that

7  external factor or force account for the failure timely to file is absolutely necessary to establish

8  entitlement to equitable tolling).  Accordingly, this argument fails.

9      Petitioner also asserts that he could not timely file his federal petition because he suffers

10  from various disabilities which resulted in his inability to access prison legal resources.  In

11  support of this argument, he submits a 2001 document from his central file showing that he is

12  "permanently mobility impaired," meaning he "cannot walk 100 yards or up a flight of stairs

13  without pausing with the use of aids (crutches, prosthesis, or walker)."  Petr.'s Opp'n, Ex. 1.  He

14  also submits various notations dated March of 2006, March of 2007, April of 2007 and

15  September 2005, showing that he has a plethora of medical conditions that limit his activities,

16  concluding chronic low back pain, varicose veins, bilateral carpal tunnel syndrome and migraine

17  headaches that cause photosensitivity.  *Id*., Ex. 2.  In particular, plaintiff relies heavily on his

18  inability to sit for more than 30 minutes in an eight-hour period.  *Id*., at 3 & Ex. 2.  Assuming

19  these documents demonstrate that petitioner's medical problems affected him during the times

20  when he would be entitled to equitable tolling, i.e., from March 18, 2004, until June 4, 2004, and

21  from January 4, 2006, until November 20, 2006, the court finds them insufficient to demonstrate

22  entitlement to such tolling.  Petitioner asserts that he could timely have filed if prison officials

23  had obtained for him a computer station at which he could stand to perform computer-based

24  research.  But petitioner does not explain what he did to overcome his medical problems in order

25  to utilize the legal resources the prison actually had.  He offers no evidence that he ever

26  requested time in the law library or requested that anyone assist him in performing research and

1   preparing documents.  On the evidence he has submitted, it appears he in no way attempted, to

2   the best of his ability, to make use of the prison's legal resources.  He therefore has failed to

3   demonstrate he exercised any diligence whatsoever.  Thus, the court cannot find that he is

4   entitled to equitable tolling.

5         For all these reasons, the court finds that the November 20, 2006, petition for a writ of

6   habeas corpus is untimely.  In light of this finding, the court declines to examine whether

7   petitioner states any federally cognizable claims.

8         Accordingly, it is hereby RECOMMENDED that respondents' July 23, 2007, motion to

9   dismiss be granted and that this action be dismissed as untimely.  *See* 28 U.S.C. § 2244(d).

10        These findings and recommendations are submitted to the United States District Judge

11  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

12  after being served with these findings and recommendations, any party may file written

13  objections with the court and serve a copy on all parties.  Such a document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

15  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

16  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

17  Dated:  February 12, 2008.

18  _____

19  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26